# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ERICA GREEN and JANICE POWELL,

    Plaintiffs,

v.                                                        Case No: 8:18-cv-1043-T-36AEP

FIRST AMERICAN HOME WARRANTY
CORPORATION,

    Defendant.
_____

## ORDER

This cause comes before the Court upon Plaintiffs' Motion to Strike Defendant's Answer and Affirmative Defenses (Doc. 27), Defendant's response in opposition (Doc. 32), Plaintiffs' Motion for Leave to File Reply Brief (Doc. 38), and United States Magistrate Judge Anthony E. Porcelli's Report and Recommendation (Doc. 39).  In the Motion to Strike, Plaintiffs argue that Defendant's Answer and Affirmative Defenses should be stricken because it contains statements that are insufficient to provide a defense, incorrect, and do not respond to the substance of the allegations in the Complaint.  Doc. 27 ¶¶ 3-5.  Defendant responds that Plaintiffs' arguments are improper at this stage of the proceeding because they relate to factual issues or legal issues not relevant to the Complaint.  Doc. 32.

The Magistrate Judge recommends that the Court deny Plaintiffs' Motion to Strike and Motion for Leave to File Reply Brief and Plaintiffs object to the recommendation, arguing that, for reasons explained in the Motion to Strike, the Answer and Affirmative Defenses are prejudicial to Plaintiffs, the affirmative defenses are no more than bare-bones and frivolous misstatements, and the affirmative defenses are boiler-plate defenses that equate to the defensive version of a shotgun pleading.  Doc. 40.  Defendant has not responded to the Objection and the time to do so

has elapsed. After an independent *de novo* review of the parties' submissions, the Report and Recommendation will be adopted, confirmed, and approved in all respects, and the Motion to Strike (Doc. 27) and Motion for Leave to File Reply Brief (Doc. 38) will be denied.

I. **BACKGROUND**

Plaintiffs' First Amended Complaint alleges that Defendant breached a contract to repair a concrete slab plumbing leak by accepting payment without performing the work required under the contract and was also negligent by performing work that did not comply with the requisite standard of care, causing irreparable damage to the plumbing. Doc. 11 at 3-7. Defendant responded by filing Defendant's Answer to Plaintiffs' First Amended Complaint and Affirmative Defenses (Doc. 25), in which it raised two affirmative defenses. First, it alleges that Plaintiffs fail to state a claim because (1) Defendant is a foreign corporation that is not licensed in Florida and is the wrong defendant in this suit, with the proper defendant being First American Home Warranty Corporation of Florida, which is the Florida corporation with which Plaintiffs have a contractual relationship; and (2) neither Defendant nor First American Home Warranty of Florida perform repairs—instead, they are home warranty associations that indemnify consumers for repairs. *Id.* at 3-4. Second, Defendant raises as a defense that this Court lacks personal jurisdiction over it because it does not do business in Florida. *Id.* at 4.

Plaintiffs moved to strike the Answer and Affirmative Defenses, arguing that Defendant does perform the type of repairs alleged in the Complaint by assigning performance to its agents, contractors, or subcontractors. Doc. 27 at 2. Plaintiffs argue that the first affirmative defense is insufficient because Defendant does not explain how it indemnifies consumers. *Id.* at 3. Plaintiffs also argue that Defendant's Answer and Affirmative Defenses are contradictory to its marketing material, contracts, and other documentation that it owns, copyrights, and distributes to Florida

consumers. *Id.* at 4. Defendant responds that the Motion to Strike should be denied because it is based on requests for information not required to be disclosed at this stage of the proceedings and seeks to litigate factual and legal issues not proper at this stage of the proceedings. Doc. 32.

The Magistrate Judge concluded that the affirmative defenses are permissible under the Federal Rules of Civil Procedure and that Defendant provided a sufficient factual basis for each defense. Doc. 39 at 5. The Magistrate Judge explained that at the pleading stage, the Court will assume the facts asserted in both a complaint and in affirmative defenses to be true and will not resolve factual disputes. *Id.* Even if Defendant's affirmative defenses are inconsistent, such strategy is permissible. *Id.*

Plaintiffs filed an Objection to the Report and Recommendation, stating that their argument is based on the fact that First American Home Warranty Corporation is the proper defendant and Defendant's argument to the contrary is frivolous. Doc. 40 at 2. Additionally, Plaintiffs insist that the affirmative defenses are no more than bare bones, conclusory allegations. *Id.* at 3.

## II. LEGAL STANDARD

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge

may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id.*

**III.  DISCUSSION**

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although district courts are given broad discretion in ruling on motions to strike, an affirmative defense should be stricken only if it is insufficient as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Id.* "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995). In ruling on a motion to strike, "the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings." *Id.*

Defendant's affirmative defenses are not patently frivolous or clearly invalid as a matter of law. Instead, Defendants submitted affirmative defenses supported by facts that the Court must take at true at this stage in the proceeding. Indeed, Plaintiffs' Objection indicates that their Motion to Strike is largely based on a factual dispute, which this Court may not decide at this stage of the litigation. Doc. 40 at 3 (discussing exhibits produced that prove their asserted facts). Thus, the Court finds no error in the Report and Recommendation.

After careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the file, the Court is of the opinion that the

4

Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is **ORDERED AND ADJUDGED:**

1. Plaintiffs' Objection to Magistrate Judge's Report and Recommendations (Doc. 40) is **OVERRULED.**

2. The Report and Recommendation of the Magistrate Judge (Doc. 39) is **adopted, confirmed, and approved** in all respects and is made a part of this Order for all purposes, including appellate review.

3. Plaintiffs' Motion to Strike Defendant's Answer and Affirmative Defenses (Doc. 27) is **DENIED.**

4. Plaintiffs' Motion for Leave to File Reply Brief (Doc. 38) is **DENIED** as moot.

**DONE AND ORDERED** in Tampa, Florida on November 6, 2018.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any